### JOHN S. STROUD ET AL. V. FRANCIS PALMER ET AL.

#### (Case No. 5441.)

1. PRACTICE—ASSIGNMENT OF ERROR—An assignment of error, questioning the sufficiency of a verdict because it contained no finding upon a given issue, supported by no fuller statement than that "evidence was introduced thereon," does not conform to the rules.

2. SAME—VERDICT—The charge to the jury required them, in case they should find improvements to have been made, to find the value thereof. Their verdict contained no finding upon that issue. *Held*, The judgment upon such verdict will not be set aside unless it appear that the preponderance of evidence showed that improvements had been made. The charge as to the value of improvements was contingent, and the silence of the jury upon that issue determined the doubt as to the existence of improvements.

APPEAL from Travis. Tried below before the Hon. A. S. Walker. The facts are stated in the opinion of the court.

*John. R. Peel*, for appellants.

*H. B. Barnhart*, for appellees.

WILLIE, CHIEF JUSTICE.—At the last term of this court, upon motion of the appellees, every assignment relied on by the appellants, with one exception, was stricken from the record. The case is now before us on the sixth assignment alone. The complaint under this assignment is in effect that the verdict should have found the rental value of the lots in controversy, as also of the Stroud farm, and the value of the permanent improvements made by appellants, and the damages by appellees by waste or negligence upon the Stroud farm. The district judge charged the jury that if they found for the plaintiffs they would find:

1. The rental value of the lots in suit from June 21, 1881, to date.

2. Rental value of the Stroud place or farm for same period.

3. Give value of permanent improvements, if any, made by Stroud upon the Palmer lots sued for.

4. What amount, if any, of damages by Palmer by waste or neglect to the Stroud farm from his taking possession of it to filing of this suit.

The jury found for the plaintiffs, and that the damages to the defendants' property did not exceed the benefits received in extra rental.

The evident meaning of the verdict is that the excess of the rental value of the plaintiffs' lots, during the time the defendants occupied them, over the rental value of the Stroud place during the same time, was at least equal to the amount in which appellees had damaged the Stroud

farm whilst they occupied it. The jury, therefore, did find according to the requirements of the charge as to everything except the value of the improvements put by the appellants upon the land sued for.

The charge of the court requires the jury to find as to these improvements only in the event they should believe that such improvements had been made by the appellants, thereby intimating a doubt as to this fact, and leaving the jury to solve it. The failure of the jury to find the value of the improvements may have arisen from a belief on their part that the preponderance of evidence did not show that any improvements of value had been made by the appellants upon the land sued for. Hence, to sustain the assignment in this respect, it should have been made to appear, by the statement from the record, that the uncontroverted evidence showed that valuable improvements had been made, or that the jury had wilfully disregarded the great preponderance of evidence to that effect. Instead of doing this, there is no statement made under the assignment of the evidence bearing upon the point. The only remark as to the proof upon the subject is that "evidence was introduced thereon." The mere fact that evidence was introduced, and that the court charged upon the subject, does not show that the jury erred in not finding that valuable improvements had been made. "The evidence thereon" might have shown to the contrary. To determine whether it did or did not, we should have to toil through thirty-two pages of a statement of facts, and this to do a thing which the rules say the parties briefing a case must do for us. It is to save the court the labor of such investigations that counsel are required to make a brief statement from the record of the matters bearing upon the propositions made in their briefs. This has not been done in the present case, and had the motion, heretofore sustained, included an application to strike out the statement under this assignment, it would have prevailed in this as in other respects. As we are pointed to nothing in the record supporting the assignment, we must regard it as not well taken. There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered April 23, 1886.]